**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARL E. BAKER and MARTHA J. BAKER, husband and wife,<br><br>        Plaintiffs,<br><br>vs.<br><br>RANGE RESOURCES-APPALACHIA, LLC,<br><br>        Defendant. | No. _____<br><br>CIVIL ACTION<br>JURY TRIAL DEMANDED |

# COMPLAINT

**AND NOW,** come the Plaintiffs, Carl E. Baker and Martha J. Baker, husband and wife, by their attorney, Vincent J. Barbera, Esq., and Beth A. Smith, Esq., of the law firm of Barbera, Melvin, Svonavec & Sperlazza, LLP, and demand damages against the Defendant, Range Resources-Appalachia, LLC, ("Range Resources") whereof the following are statements:

**I.  JURISDICTION**

1. Plaintiffs, Carl E. Baker and Martha J. Baker, husband and wife, are adult individuals, residents of the State of Maryland having a residence and mailing address of 81 Misty Lane, Frostburg, Maryland 21532.

2. Defendant Range Resources-Appalachia, LLC, is a Delaware limited liability company, with offices at 100 Throckmorton Street, Suite 1200, Fort Worth, Texas 76102, and offices at 3000 Town Center Boulevard, Canonsburg, Pennsylvania 15317.

3. The matter in controversy exceeds $75,000.00.

4. The Court has jurisdiction of the case because there is diversity of citizenship and the amount in controversy is in excess of $75,000.00.

1

## II. VENUE

5. Venue is appropriate in this Court. The accident that forms the basis of this suit occurred in Washington County, Pennsylvania, which is within the judicial district of the United States District Court for the Western District of Pennsylvania and because the Defendant has offices and can be personally served within this judicial district.

6. The claims in question arise out of a motor vehicle accident that occurred on or about April 22, 2017, in Somerset Township, Washington County, Pennsylvania, a county within the Western District of Pennsylvania. Therefore venue exists pursuant to 28 U.S.C.A. § 1391(b)(2) in the United States District Court for the Western District of Pennsylvania.

## III. COUNT I

### CARL E. BAKER vs.
### RANGE RESOURCES

7. Range Resources was the lessee of a property located in Somerset Township, Washington County, Pennsylvania, and operated a gas well known as the Rowland Well, together with a private road leading from State Route 136 to the Rowland Well.

8. In the early morning hours of April 22, 2017, the husband Plaintiff, Carl E. Baker, was operating a loaded water tank truck on behalf of Kenan Advantage Group, Inc., ("Kenan") hauling water into the Rowland Well site that Range Resources was using as a staging area to provide water for fracking at another well of Range Resources. At the time and place in question Carl E. Baker, through Kenan, was invited to enter and remain on the land of Range Resources for a purpose directly or indirectly connected with the business dealings of Range Resources as the possessor of the land.

9. Carl E. Baker was driving on the private road leading from State Route 136 to the Rowland Well at the aforesaid date and time when he was suddenly blinded by powerful lights directed from the Rowland Well toward the road he was traveling upon. The powerful lights

were part of light plant operated by or at the direction of and under the control of Range Resources. When Mr. Baker was blinded by the lights, he braked but in the process of bringing the truck to a stop the right front wheel went on to the berm of the road which was very soft and the adjacent embankment was very steep, the load shifted, the berm gave way and the truck then went over the embankment and rolled down the hill multiple times causing serious, severe and permanent injuries to Carl E. Baker as more fully hereinafter set forth.

10. The above described accident and hereinafter described injuries were caused by the Defendant Range Resources by and through its agents, servants or employees inter alia as follows:

a. In directing the lights from the Rowland Well site directly at the oncoming water truck operated by Carl E. Baker thereby temporarily blinding Mr. Baker;

b. In failing to maintain and provide a safe environment for the water truck driver Carl E. Baker to operate his water truck;

c. In failing to construct the berm of the road leading from Route 136 to the Rowland Well site in a manner that would provide for the safety of operators of trucks including Mr. Baker, by causing or allowing the berm of the road to give way when Mr. Baker's loaded water truck needed to stop on the road with a wheel on the berm;

d. In failing to warn Carl E. Baker of the blinding light that he would face on the road leading from Route 136 to the Rowland Well site;

e. In failing to provide barriers, guardrails or other protection to the water trucks including that operated by Carl E. Baker to prevent them from rolling or sliding down the steep embankment that was immediately adjacent to the road leading from Route 136 to the Rowland Well site;

f. Range Resources as the possessor of the land knew or by the exercise of reasonable care would have discovered that the lights from the light plant at the Rowland Well site as positioned involved an unreasonable risk of harm to such business invitees as Carl E. Baker and should have expected that Carl E. Baker would not discover or realize the danger or would fail to protect himself against it and Range Resources failed to exercise reasonable care to protect Carl E. Baker against this danger;

   g. Range Resources as the possessor of the land knew or by the exercise of reasonable care would have discovered the soft and improperly constructed berm of the road leading from Route 136 to the Rowland Well site and should have realized that it involved an unreasonable risk of harm to operators of vehicles on the road including Carl E. Baker and should have expected that these operators including Carl E. Baker would not discover or realize the danger or would fail to protect themselves against it and Range Resources failed to exercise reasonable care to protect Carl E. Baker against this danger;

   h. Range Resources as possessor of the land knew or by the exercise of reasonable care would have discovered the lack of barriers, guardrails or other protection to prevent vehicles from rolling or sliding down the steep embankment that was immediately adjacent to the road leading from Route 136 to the Rowland Well site and Range Resources should have realized that it involved an unreasonable risk of harm to such invitees including the Plaintiff and should have expected that the vehicle operators including the Plaintiff would not discover or realize the danger or fail to protect themselves against it, and Range Resources failed to exercise reasonable care to protect Carl E. Baker against this danger;

   i. In otherwise failing to construct and maintain the road and Rowland Well staging area in a manner that would protect Carl E. Baker while on the Defendant's property while performing services that benefitted the Defendant; and

   j. In otherwise failing to use the care and caution required by law.

11. Solely as a result of the aforesaid negligence of the Defendant, the Plaintiff Carl E. Baker has suffered the following injuries:

   a. Lateral disc herniation at the L4-5 level with nerve root compression;
   b. Serious and severe injuries to his cervical spine and back;
   c. Large hematomas to his right thigh;
   d. Hematomas and contusions to his legs;
   e. Lacerations and other injuries to his head;
   f. Contusions to his low back;
   g. Pain and stiffness and swelling over much of his body; and
   h. other serious and severe injuries.

12. Solely as a result of the aforesaid injuries caused by the conduct of the Defendant the Plaintiff, Carl E. Baker, has endured severe pain and suffering, both physical and mental, and severe stress, strain, mental anguish, anxiety, humiliation and inconvenience, and will in the future continue to endure such pain and suffering, stress, strain, mental anguish, anxiety, humiliation and inconvenience by reason of said injuries.

13. Solely as a result of the aforementioned injuries caused by the conduct of the Defendant as aforesaid, the Plaintiff, Carl E. Baker, has incurred the following damages among others:

(a) He has, may and probably will for an indefinite time in the future be obligated to expend various sums of money for medical and surgical attention, hospitalization, medicines, drugs, prosthetic devices, and other medical expenses in and about endeavoring to treat and cure himself of said injuries.

(b) He has, may and probably will for an indefinite time in the future suffer a loss of earnings.

(c) He has, may and probably will for an indefinite time in the future suffer great pain, inconvenience, embarrassment and mental anguish.

(d) He has, may and probably will for an indefinite time in the future be deprived of the ordinary pleasures of life, loss of well-being and equanimity.

(e) He has suffered a permanent diminution of his earning capacity and power.

(f) His overall health, strength and vitality has been greatly impaired.

**WHEREFORE**, the Plaintiff, Carl E. Baker, demands a judgment against the Defendant, Range Resources, in the sum of more than $75,000.00 plus costs, interest and such other relief as this Court deems just.

JURY TRIAL DEMANDED.

## IV.  COUNT II

### MARTHA J. BAKER vs.
### RANGE RESOURCES

14. The Plaintiffs incorporate herein by reference thereto all of the allegations of paragraphs 1 through 13 above as if more fully set forth herein at length.

15. Solely as a result of the injuries received by the husband Plaintiff, Carl E. Baker, the wife Plaintiff, Martha J. Baker, has incurred the following damages:

   (a) She has, may and probably will for an indefinite time in the future be obligated to expend various sums of money for medical and surgical attention, hospitalization, medicines, drugs, prosthetic devices and other medical expenses in and about endeavoring to treat and cure the husband Plaintiff, Carl E. Baker, of his said injuries, and she may be obligated to continue to expend such sums and incur such expenditures for an indefinite time in the future.

   (b) She has, may and probably will for an indefinite time in the future suffer loss of the husband Plaintiff, Carl E. Baker's earning capacity and power which loss of earnings and impairment of earning capacity or power is or may be permanent.

  (c)  She has, may and probably will for an indefinite time in the future suffer a loss of the husband Plaintiff, Carl E. Baker's love, comfort and society.

  (d)  She has suffered a loss of consortium.

**WHEREFORE**, the Plaintiff, Martha J. Baker, demands a judgment against the Defendant, Range Resources, in the sum of more than $75,000.00 plus costs, interest and such other relief as this Court deems just.

JURY TRIAL DEMANDED.

                Respectfully submitted,

                BARBERA, MELVIN, SVONAVEC
                & SPERLAZZA, LLP

Date: _____11/20/18_____    By: _____
                Vincent J. Barbera, Esq.
                Court Adm. Cert. No.: 34441

                Beth A. Smith, Esq.
                Court Adm. Cert. No.: 324312

                146 West Main Street
                P.O. Box 775
                Somerset, Pennsylvania  15501-0775
                Tel: (814) 443-4681

                Attorneys for the Plaintiffs