IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL E. BAKER, MARTHA J. BAKER, husband and wife, | ) ) ) 2:18-cv-01566-RJC ) ) ) Judge Robert J. Colville ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | |
| vs. | |
| RANGE RESOURCES-APPALACHIA, LLC, UNITED RENTALS (NORTH AMERICA), INC, MAGNA SERVICE AGENCY, INC., GUARDIAN OFS, LLC, THE GATEWAY ENGINEERS, INC., ALEX E. PARIS CONTRACTING COMPANY, INC., | |
| Defendants. | |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court is the Motion for Summary Judgment (ECF No. 97) filed by Defendant United Rentals (North America), Inc. t/d/b/a United Rentals ("United Rentals"). United Rentals seeks judgment in its favor with respect to the claims set forth against United Rentals in the Amended Complaint (ECF No. 19) filed by Plaintiffs Carl E. Baker ("Mr. Baker") and Martha J. Baker ("Mrs. Baker") (collectively, "Plaintiffs"), as well as judgment in its favor with respect to the crossclaims asserted against United Rentals by Defendants Range Resources-Appalachia, LLC ("Range Resources") (ECF No. 24), Magna Service Agency, Inc. ("Magna") (ECF No. 51), Guardian OFS, LLC ("Guardian") (ECF No. 35), The Gateway Engineers, Inc. ("Gateway") (ECF No. 32), and Alex E. Paris Contracting Company, Inc. ("Alex E. Paris") (ECF No. 59) in their respective Answers and Crossclaims.

1

In support of its Motion, United Rentals has also filed a Brief in Support (ECF No. 98), a Concise Statement of Material Facts (ECF No. 99), and an Appendix of Exhibits (ECF No. 100). Only Plaintiffs and Range Resources have responded to the Motion at issue.  On September 30, 2020, Plaintiffs filed a Response (ECF No. 103) to United Rentals' Concise Statement of Material Facts.  Plaintiffs assert that they do not oppose the Motion for Summary Judgment, and further assert that they filed their Response in order "to maintain their assertion of particular facts, complaints, and theories of liability." Pls.' Resp. 1, ECF No. 103.  Range Resources also filed a Response (ECF No. 101) to United Rentals' Concise Statement on September 30, 2020.  Range Resources similarly asserts that it does not oppose the Motion for Summary Judgment, and that it filed its Response to "clarify the record." Range Resp. 1, ECF No. 101.  United Rentals filed its Motion on September 1, 2020, and the time for any further response has passed.  Accordingly, the Motion is ripe for disposition.

**I.     Procedural History & Factual Background**

Plaintiffs filed their Amended Complaint on April 22, 2019.  At Count I, Mr. Baker asserts claims sounding in negligence against the Defendants.  Am. Compl. ¶¶ 12-23, ECF No. 19.  Count II asserts claims for loss of consortium on behalf of Mrs. Baker against the Defendants.  *Id.* at ¶¶ 24-25. (What is the story with these ECF citations and the font?  Should the font change or be the same as the rest of the text throughout?) Each of the Defendants has asserted a crossclaim, each of which incorporates but does not admit the averments set forth against their Co-Defendants in the Amended Complaint, against each of their Co-Defendants seeking contribution and/or indemnity. Answers have been filed with respect to all claims and crossclaims.  As noted above, United Rentals filed a Concise Statement of Material Facts on September 1, 2020, and Plaintiffs and

Range Resources have responded to that Concise Statement. Unless otherwise noted, the following facts are not in dispute:

The present case arises out of a single vehicle truck accident that occurred on or about April 22, 2017 in Somerset Township, Washington County, Pennsylvania. Concise Statement ¶ 2, ECF No. 99. The accident occurred on an access road leading to the Rowland Well Pad, *id.* at ¶¶ 4-5, which was either being used as a "staging area for drilling operations being performed at another Range well pad called Marchezak," *id.* at ¶ 3, or was "being used to stage water trucks for a fracking operation," Pls.' Resp. ¶ 3, ECF No. 103; Range Resp. ¶ 3, ECF No. 101.[1] At the time of the accident, Mr. Baker was operating a water truck for Kenan Advantage, and was utilizing the access/lease road that connected the Rowland Well Pad to State Route 136. Concise Statement ¶ 4, ECF No. 99. As Mr. Baker was driving along this access road toward the Rowland Well Pad at approximately 3:00 a.m., his vehicle left the access road and either slid or rolled down an adjoining hillside. *Id.* at ¶ 5. Mr. Baker claims that he suffered various injuries as a result of the April 22, 2017 accident. *Id.* at ¶ 6.

Prior to the April 22, 2017 accident, Range Resources ordered, and United Rentals supplied, two light towers for use at the Rowland Well Pad. Concise Statement ¶ 8, ECF No. 99. The rentals of these light towers are described in Rental Agreements dated April 19, 2017. *Id.* at ¶¶ 14-15. These light towers consisted of a mast upon which four lights were affixed. *Id.* at ¶ 9. To operate the lights, outriggers had to  (font again. We should at least make the substantive language/text consistent, not sure about citations to ecf still.)  be extended, the mast had to be raised, and the engine on the light tower had to be activated. *Id*. Each light tower was a self-sufficient unit that ran on diesel fuel. *Id*. Personnel for United Rentals delivered the two light

---

[1] The parties disagree as to the function of the Rowland Well Pad, but this dispute is not material with respect to this Court's consideration of the Motion for Summary Judgment presently at issue.

towers to the Rowland Well Pad on April 19, 2017, *id.* at ¶ 16, and the delivery documents associated with the light towers included photographs of the light towers in a "stowed" or "transport" condition.[2]  *Id.* at ¶ 17, App. Ex. L, ECF No. 100.

## II.     Legal Standard

Summary judgment may be granted where the moving party shows that there is no genuine dispute about any material fact, and that judgment as a matter of law is warranted.  Fed. R. Civ. P. 56(a).  Pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against a party who fails to make a showing sufficient to establish an element essential to his or her case, and on which he or she will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In evaluating the evidence, the court must interpret the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in his or her favor.  *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007).

In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, make credibility determinations, or determine the truth of the matter; rather, its function is to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party.  *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150–51 (2000) (citing decisions); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–19 (1986); *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998).

The mere existence of a factual dispute, however, will not necessarily defeat a motion for summary judgment.  Only a dispute over a material fact—that is, a fact that would affect the

---

[2] The Court interprets the "stowed" or "transport" condition referred to by United Rentals to indicate that the photographs show the light towers before they were being operated, i.e. before the outriggers had been extended, before the masts had been raised, and before the engines on the light towers had been activated. A review of the photographs attached at Exhibit L confirms this interpretation. *See also* Br. in Supp. 13, ECF No. 98 ("When United Rentals delivered the light towers to the Rowland pad on April 19, 2017, the light towers were in a 'stowed' condition and were not active or emitting light.").

outcome of the suit under the governing substantive law—will preclude the entry of summary judgment.  *Liberty Lobby*, 477 U.S. at 248.

Even where a motion for summary judgment is uncontested, the movant still must establish that the movant is entitled to judgment in the movant's favor.  *See* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment ("[S]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion, much less when an attempted response fails to comply with Rule 56(c) requirements."); *see also Hawkins v. Globe Life Ins. Co.*, 105 F. Supp. 3d 430, 446 (D.N.J. 2015) ("An unopposed motion is properly granted when the movant is entitled to judgment as a matter of law.  Thus, even though plaintiff did not formally oppose defendant's argument defendant is not automatically entitled to summary judgment.  It still must prove it is entitled to the judgment." (internal citation omitted) (citing *Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990))).

### III.     Discussion

In support of his negligence claim against United Rentals, Mr. Baker asserts that, as he was driving along the access road toward the Rowland Well Pad, he was suddenly blinded by powerful lights directed from the Rowland Well Pad toward the access road.  Am. Compl. ¶ 19, ECF No. 19.  Plaintiffs' claims against United Rentals stem from United Rentals' ownership or possession of the portable light towers which United Rentals rented to Range Resources for use at the Rowland Well Pad and which allegedly temporarily blinded Plaintiff.  *Id.* at ¶ 13.  In the Amended Complaint, Plaintiffs allege that United Rentals delivered the portable light towers to the Rowland Well Pad, and that United Rentals participated "in setting up and directing the lights of the portable light towers on the Rowland Well Site as they existed at the time of the . . . accident on April 22, 2017."  *Id*.  Plaintiffs assert that United Rentals was negligent in directing the lights, or allowing

the lights to be directed, toward the access road in a manner that would negatively impact the vision of drivers using the access road and in failing to warn Mr. Baker that the lights would be directed in such a manner.  *Id.* at ¶¶ 20(a)-(b); (d).

In its Motion for Summary Judgment, United Rentals argues that: (1) there is no credible evidence to support Plaintiffs' allegations that United Rentals was negligent or had caused or contributed to Mr. Baker's accident; (2) even viewing the evidence in a light most favorable to the non-moving parties, the evidence indicates that United Rentals was not negligent and did not contribute to Mr. Baker's accident; and (3) United Rentals is thus entitled to summary judgment with respect to all claims and crossclaims, which rely on incorporation of the allegations and averments against United Rentals set forth in Plaintiffs' Amended Complaint, against it.  Mot. ¶¶ 31-33, ECF No. 97.  More specifically, United Rentals argues that "[t]he evidence developed during the case has confirmed that United Rentals did not control or otherwise direct the placement, set up[,] or activation of the light towers at the Rowland [W]ell [P]ad at any time, including but not limited to, the date of Mr. Baker's accident."  Br. in Supp. 5, ECF No. 98.  United Rentals asserts that, accordingly, the evidence of record establishes that United Rentals did not cause or contribute to Mr. Baker's April 22, 2017 accident or any of the Plaintiffs' alleged injuries and damages.  *Id*.

Under Pennsylvania law, a plaintiff asserting a claim for negligence bears the burden of proving: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." *Estate of Swift v. Ne. Hosp. of Philadelphia*, 690 A.2d 719, 722 (Pa. Super. 1997) (citing *Pittsburgh National Bank v. Perr*, 431 Pa.Super. 580, 584, 637 A.2d 334, 336 (1994)). The Supreme Court of the United States has explained:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Further, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

The Court notes that no party has submitted evidence in opposition to the Motion for Summary Judgment filed by United Rentals. As such, the only record evidence before the Court is the Appendix of Exhibits filed by United Rentals. Upon review of the Exhibits submitted by United Rentals, the Court finds that such evidence does not indicate that United Rentals was involved in the placement, set up, or activation of the light towers at the Rowland Well Pad. Rather, the evidence submitted by United Rentals tends to support a finding that United Rentals had no involvement in the placement, set up, or activation of the light towers at the Rowland Well Pad. *See* App. Ex. F Dockum Dep. 37:24-38:8, ECF No. 100 ((("A[:] United Rentals, typically, delivers the light tower, and that is the extent of them setting it up." "Q[:] And when we talk about setup, meaning the raising up of the light tower?" "A[:] Correct. United Rentals, typically, delivers the light tower, and that is that."); App. Ex. E Osborne Dep. 35:12-16 ("Q[:] Do you know if Range --- if --- do you know if United ever set up those light towers?" "A[:] I do not know any time when United set up any light towers."); *id.* at 51:13-23 ("Q[:] So my question is whether or

7

not United did that or whether you simply don't know if United did that?"  "A[:] It's not its policy that when a driver deposits a piece of equipment on the ground, the renter takes possession and no more work takes place.  *We do not and have not, to my knowledge, ever have set up any light towers including the one on this site.*" (emphasis added)); *see also* App. Ex. O Boughner Dep. 16:6-17:11, ECF No. 100.

An essential element of Mr. Baker's negligence claim is causation, and Plaintiffs' allegations against United Rentals in support of causation rely on the manner in which the light towers at issue were placed and directed, i.e. in a manner that would negatively impact the vision of drivers using the access road.  Am. Compl. ¶¶ 20(a)-(b); (d), ECF No. 19.  Plaintiffs and Co-Defendants have not come forward with any evidence that would support a finding that United Rentals was involved in the placement, set up, or activation of the light towers at the Rowland Well Pad.  As such, Plaintiffs fail to make a showing sufficient to establish the existence of an element essential to Mr. Baker's negligence claim against United Rentals, specifically causation, on which Plaintiffs will bear the burden of proof at trial.  In summary, no party has set forth any opposition to the Motion for Summary Judgment filed by United Rentals, no party has pointed to evidence that would support a finding that United Rentals caused the April 22, 2017 accident, and the evidence before the Court supports a finding that that United Rentals did not cause the accident.  For all of the reasons discussed above, the Court finds that United Rentals has met its burden of establishing that there exists no genuine issue of material fact as to the issue of whether United Rentals caused the April 22, 2017 accident.  *See Celotex*, 477 U.S. at 325 ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.").  Accordingly, the Court

finds that United Rentals is entitled to judgment in its favor as to all claims and crossclaims brought against it in this action.

## IV.   Conclusion

For the reasons discussed above, the Court will grant the Motion for Summary Judgment filed by United Rentals.  An appropriate Order of Court follows.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: December 8, 2020

cc/ecf: All counsel of record